886 F.2d 1316
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Benny Lee HODGE, Plaintiff-Appellant,
v.
KENTUCKY STATE POLICE; Brown Cletis, Det., Kentucky State
Penitentiary; Leroy Thompson, Lt., Kentucky State
Penitentiary, Defendants-Appellees.
 No. 89-5184.
 United States Court of Appeals, Sixth Circuit.
 Oct. 10, 1989.
 
 Before MERRITT and RYAN, Circuit Judges and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Kentucky prisoner appeals the district court's judgment dismissing his civil rights complaint as frivolous under 28 U.S.C. Sec. 1915(d). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 In a complaint filed under 42 U.S.C. Sec. 1983, Benny Lee Hodge claimed that defendants deprived him of property without due process. When Hodge was temporarily housed at Laurel County (Kentucky) jail, two gold and diamond rings were stolen from him. He alleged that, following the recovery of the rings, defendants refused to return the rings to him or to properly account to him for their whereabouts. He was told only that the rings were being held as evidence pending an investigation into the theft and, alternatively, that there was no such investigation. He sought injunctive and monetary relief.
 
 
 3
 The district court reviewed the record, including Hodge's objections, and adopted the magistrate's recommendation to dismiss the complaint as frivolous.
 
 
 4
 Upon review we conclude that Hodge's complaint is frivolous within the meaning of 28 U.S.C. Sec. 1915(d) because it lacks an arguable basis in law. See Neitzke v. Williams, 109 S.Ct. 1827, 1833 (1989).
 
 
 5
 First, Hodge did not allege infringement of a protected interest. As an inmate in a state prison, he has no right to actual possession of the rings. Moreover, if the rings are being held pending a criminal investigation, he has not been permanently deprived of his property. Second, to the extent Hodge alleged a random, intentional act not pursuant to state policy, custom, regulation or laws, see Hudson v. Palmer, 468 U.S. 517, 534 (1984), he did not allege an inadequate state remedy. Wagner v. Higgins, 754 F.2d 186, 192 (6th Cir.1985).
 
 
 6
 Finally, Hodge's assertion that the district court's de novo review was inadequate simply lacks merit.
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.